# United States Court of Appeals

*for the*

# Fifth Circuit

———————

Case No. 23-50627

———————

FREE SPEECH COALITION, INCORPORATED; MG PREMIUM, LIMITED;
MG FREESITES, LIMITED; WEBGROUP CZECH REPUBLIC. A.S.; NKL
ASSOCIATES, S.R.O.; SONESTA TECHNOLOGIES, S.R.O.; SONESTA
MEDIA, S.R.O.; YELLOW PRODUCTION, S.R.O.; PAPER STREET MEDIA,
L.L.C.; NEPTUNE MEDIA, L.L.C.; JANE DOE; MEDIAME, S.R.L.; MIDUS
HOLDINGS, INCORPORATED,

*Plaintiffs-Appellees,*

v.

ANGELA COLMENERO, ATTORNEY GENERAL, STATE OF TEXAS,

*Defendant-Appellant.*

———————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS, AUSTIN IN CASE NO. 1:23-CV-917
HONORABLE DAVID. A. EZRA, U.S. DISTRICT JUDGE

---

# OPPOSED MOTION FOR LEAVE TO FILE BRIEF OF AMICI CURIAE AMERICAN CIVIL LIBERTIES UNION, CENTER FOR DEMOCRACY & TECHNOLOGY, ELECTRONIC FRONTIER FOUNDATION, FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION, MEDIA COALITION FOUNDATION, AND TECHFREEDOM IN SUPPORT OF PLAINTIFFS-APPELLEES AND AFFIRMANCE

---

ROBERT CORN-REVERE
*Counsel of Record*
FOUNDATION FOR INDIVIDUAL RIGHTS AND
  EXPRESSION (FIRE)
*Attorney for Amici Curiae*
700 Pennsylvania Avenue SE, Suite 340
Washington, DC 20003
(215) 717-3473
bob.corn-revere@thefire.org

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

| | |
|---|---|
| FREE SPEECH COALITION, *et al.*, | |
| *Plaintiffs-Appellees,* | **MOTION FOR LEAVE TO FILE BRIEF OF *AMICI CURIAE*** |
| v. | |
| ANGELA COLMENERO, ATTORNEY GENERAL, STATE OF TEXAS, | No. 23-50627 |
| *Defendant-Appellant.* | |

Pursuant to Fed. R. App. P. 29(a)(3), movants American Civil Liberties Union, Center for Democracy & Technology, Electronic Frontier Foundation, Foundation for Individual Rights and Expression, the Media Coalition Foundation, and TechFreedom respectfully submit this motion for leave to file brief of *amici curiae* in the above captioned proceeding, *Free Speech Coalition, et al., v. Colmenero.* (No. 23-10656). Counsel for *amici* sought consent from the parties and received it from Plaintiffs-Appellees, but Defendant-Appellant declined.

The American Civil Liberties Union (ACLU) is a nonprofit, nonpartisan membership organization devoted to protecting the civil rights and civil liberties of all Americans, including the First Amendment rights to free speech, anonymity, and access to information online. The ACLU has frequently appeared before courts to advocate for First Amendment rights online, *see, e.g., Reno v. ACLU*, 521 U.S. 844 (1997) (counsel); *Packingham v. North Carolina*, 582 U.S. 98 (2017) (amicus), and the free speech rights of young people, *see, e.g., Mahanoy Area Sch. Dist. v. B. L. by & through Levy*, 141 S. Ct. 2038 (2021) (counsel); *Tinker v. Des Moines Indep. Cmty. Sch. Dist.*, 393 U.S. 503 (1969) (counsel); *Lowry v. Watson Chapel Sch. Dist.,* 540 F.3d 752 (8th Cir. 2008) *cert. denied* 555 U.S. 1212 (Mar. 2, 2009) (counsel); *Shipley, Inc. v. Long,* 454 F.Supp.2d 819 (E.D. Ark. 2004) (counsel).

The Center for Democracy & Technology (CDT) is a non-profit public interest organization. For more than twenty-five years, CDT has represented the public's interest in an open, decentralized Internet and worked to ensure that the constitutional and democratic values of free expression and privacy are protected in the digital age.

Recognizing the internet's power as a tool of democratization, the Electronic Frontier Foundation (EFF) has, for nearly 30 years, worked, on behalf of its more than 39,000 dues-paying members, to protect the rights of users to transmit and receive information online. EFF represents clients in impact litigation at the intersection of civil liberties and technology and frequently files *amicus* briefs in cases raising those issues.

The Foundation for Individual Rights and Expression (FIRE) is a nonpartisan, nonprofit organization dedicated to defending the individual rights of all Americans to free speech and free thought—the most essential qualities of liberty. Since 1999, FIRE has successfully defended the rights of individuals through public advocacy, strategic litigation, and participation as *amicus curiae* in cases that implicate expressive rights under the First Amendment. *See, e.g.*, *Villarreal v. City of Laredo, Texas*, No. 20-40359 (5th Cir. argued *en banc* Jan. 25, 2023); Brief of FIRE as *Amicus Curiae* in Support of Plaintiff-Appellee, *Rogers v. Smith*, No. 22-30352 (5th Cir. filed Jan. 27, 2023); Brief of FIRE as *Amicus Curiae* in Support of Plaintiffs-Appellees, *Little v. Llano County*, No. 23-50224 (5th Cir. filed June 2, 2023).

The Media Coalition Foundation, Inc. works to protect the First Amendment and the public's right to access the broadest possible range of information, opinion, and entertainment.

TechFreedom is a nonprofit, nonpartisan think tank based in Washington, D.C. It is dedicated to promoting technological progress that improves the human condition. It seeks to advance public policy that makes experimentation, entrepreneurship, and investment possible. TechFreedom opposes government attempts to control online speech. *See, e.g.,* Corbin K. Barthold, *In Internet Speech Cases, SCOTUS Should Stick Up for Reno v. ACLU,* Techdirt, https://tinyurl.com/mprkf2vy (Mar. 28, 2023), and has particular concern about the effects of age-gating the Internet on First Amendment rights. *See, e.g.*, Ari Cohn, *The Moral Panic Over Internet Porn Can't Overrule the First Amendment*, Daily Beast, https://tinyurl.com/3njst5p4 (Sept. 7, 2023); Ari Cohn, *Texas Legislature Convinced First Amendment Simply Does Not Exist*, TechDirt, https://tinyurl.com/2s3upju7 (Jun. 20, 2023); *Utah Age Verification Mandate Violates First Amendment*, TechFreedom, https://tinyurl.com/5n8xnhpa (Feb. 16, 2023).

The participation of the ACLU, CDT, EFF, FIRE, the Media Coalition Foundation, and TechFreedom as *amici* in this case will assist the Court in the resolution of the significant issues of public importance implicated by this appeal.

The ACLU has litigated many of the seminal cases striking down laws that prohibited the communication of certain materials online without age verification. *See e.g., Reno*, 521 U.S. 844; *ACLU v. Mukasey*, 534 F.3d 181 (3d Cir. 2008); *ACLU v. Johnson*, 194 F.3d 1149 (10th Cir. 1999). CDT regularly advocates before legislatures, regulatory agencies, and courts in support of First Amendment rights on the Internet and other protections for online speech. Likewise, EFF's impact litigation has set important precedents for the treatment of rights in cyberspace. FIRE is currently litigating a case involving a challenge to a New York State law that raises compelled speech questions similar to those presented here. *Volokh v. James*, No. 22-CV-10195 (ALC), 2023 U.S. Dist. LEXIS 25196, at *15–17 (S.D.N.Y. Feb. 14, 2023) The Media Coalition Foundation monitors potential legal threats to the First Amendment rights, engages in strategic litigation, and provides *amicus* support in notable cases to protect the rights of speakers and those seeking to access

speech, as guaranteed by the First Amendment. And TechFreedom appears often as *amicus curiae* in cases where the government attempts to dictate what views are acceptable online. *See, e.g.*, *NetChoice v. Moody*, 34 F.4th 1196, 1219 n.17 (11th Cir. 2022) (quoting TechFreedom's *amicus* brief).

Given this extensive experience defending expressive rights in courts across the country, *amici* are uniquely positioned to provide this Court with a valuable perspective on the threat to free speech rights presented by HB 1181, beyond the arguments presented by the parties.

For these reasons, *amici* ask the Court to grant leave to file the attached brief as *amici curiae*.

Respectfully Submitted,

/s/ Robert Corn-Revere
ROBERT CORN-REVERE
*Counsel of Record*
FOUNDATION FOR INDIVIDUAL
  RIGHTS AND EXPRESSION
700 Pennsylvania Avenue SE
Suite 340
Washington, DC 20003
(215) 717-3473
bob.corn-revere@thefire.org

*Counsel for* Amici Curiae

## SUPPLEMENTAL STATEMENT OF INTERESTED PARTIES

Case No. 23-50627, *Free Speech Coalition, Inc., et al. v. Colmenero*.

The undersigned counsel of record certifies that, in addition to the persons and entities in the parties' Certificates of Interested Persons, the following listed persons and entities as described in the fourth sentence of Rules 28.2.1 and 29.2 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

| Person or Entity | Connection to Case |
|---|---|
| American Civil Liberties Union (ACLU) | *Amicus curiae* |
| Center for Democracy & Technology (CDT) | *Amicus curiae* |
| Electronic Frontier Foundation (EFF) | *Amicus curiae* |
| Foundation for Individual Rights and Expression (FIRE) | *Amicus curiae* |
| Media Coalition Foundation | *Amicus curiae* |
| TechFreedom | *Amicus curiae* |
| Robert Corn-Revere | Counsel for *amici curiae* |

Under Federal Rule of Appellate Procedure 26.1(a), counsel for *amici* certifies that (1) *amici* do not have any parent corporations, and (2) no publicly held companies hold 10% or more of the stock or ownership interest in *amicus*.

/s/ Robert Corn-Revere
Attorney of record for *amici curiae*

September 26, 2023

# CERTIFICATE OF SERVICE

*Amici*'s counsel confirms that a true and correct copy of the foregoing was served via the Court's electronic filing system on this day, September 26, 2023. Notice of this filing will be sent by operation of the Court's CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

/s/ Robert Corn-Revere
Attorney of record for *amici curiae*

September 26, 2023

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitations of Fed. R.

App. P. 27(d)(2)(A) because it contains 1, 119 words. 2. This motion

complies with the typeface and type style requirements of Fed. R. of

App. P. 27(d)(1)(E), 32(a)(5), and 32(a)(6) because it has been prepared

in proportionally spaced typeface using Microsoft Word 2022 in 14-point

Century Schoolbook font.

Dated: September 26, 2023      /s/ Robert Corn-Revere
                                      Attorney of record for *amici
curiae*