**quinn emanuel** trial lawyers | washington, dc

1300 I Street NW, Suite 900, Washington, District of Columbia 20005-3314 | TEL (202) 538-8000 FAX (202) 538-8100

WRITER'S DIRECT DIAL NO.
**(202) 538-8123**

WRITER'S EMAIL ADDRESS
**derekshaffer@quinnemanuel.com**

November 13, 2023

<u>VIA CM/ECF</u>

Mr. Lyle W. Cayce
U.S. Court of Appeals for the Fifth Circuit
Office Of the Clerk
F. Edward Herbert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

Re: <u>*Free Speech Coalition v. Paxton*, No. 23-50627 (argued Oct. 4, 2023, before Smith, Higginbotham, & Elrod, JJ.)</u>

Dear Mr. Cayce,

Under FRAP 28(j), Plaintiffs-Appellees respectfully alert the Court to the Ninth Circuit's recent decision in *National Association of Wheat Growers v. Bonta*, No. 20-16758. In *NAWG*, the panel majority (Callahan and Bumatay, JJ.) held that carcinogen warnings compelled by California violated the First Amendment as applied to Roundup's active chemical glyphosate. Slip Op. 43. Reviewing regulation of purely commercial speech (unlike the speech at issue here), the panel rejected California's arguments that the warnings were permissible under the commercial-speech doctrines established by *Zauderer* and *Central Hudson*. *NAWG* corroborates the district court's conclusion that HB 1181's compelled warnings likely violate the First Amendment. *See* Appellees' Op. Br. 45-52.

*First*, *NAWG* explains that "the presence of a genuine, scientific controversy is sufficient to place a [government] warning outside the realm of … *Zauderer*." Slip Op. 41. Because "there is no scientific consensus that glyphosate is a carcinogen," compelling a statement whose "overall message [is] that glyphosate is unsafe" is "controversial" for these purposes. *Id.* at 13, 39. And "requir[ing] Plaintiffs to convey a controversial, fiercely contested message that they fundamentally disagree with" precludes application of *Zauderer*. *Id.* at 42; *see* Appellees' Op. Br. 47-50.

*Second*, *NAWG* explains that intermediate scrutiny under *Central Hudson* does not rescue compelled, controversial warnings. "[T]he Supreme Court has made clear that a state may not

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

regulate commercial speech on the back of controverted evidence." Slip Op. 41 (citing *Brown v. Ent. Merchs. Ass'n*, 564 U.S. 786, 792–93 (2011)). "[C]ompelling sellers to warn consumers of a potential 'risk' never confirmed by any regulatory body—or of a hazard not 'known' to more than a small subset of the scientific community—does not directly advance" the government's interests. *Id.* at 42. Instead, "the State could reasonably post information about glyphosate on its own website or conduct an advertising campaign." *Id.* (cleaned up). This reasoning should be fatal to Texas's *Central Hudson* defense. *See* Appellees' Op. Br. 51-52.

Because the warnings invalidated in *NAWG* were more nuanced, better substantiated, and targeted at purely commercial speech, it follows *a fortiori* that Texas's instant warnings are likely unconstitutional.

Respectfully submitted,

*/s/ Derek L. Shaffer*

Derek L. Shaffer

cc:     Counsel of Record

Enclosed: *Nat'l Ass'n of Wheat Growers v. Bonta*, No. 20-16758 (9th Cir. Nov. 7, 2023)