

Lanora C. Pettit  
Principal Deputy Solicitor General

Lanora.Pettit@oag.texas.gov  
(512) 463-2127

February 8, 2024

**VIA CM/ECF**

Mr. Lyle W. Cayce, Clerk  
United States Court of Appeals for The Fifth Circuit

    Re:    No. 23-50627, *Free Speech Coalition v. Paxton*

Dear Mr. Cayce:

    I write in response to Appellees' letter of January 23, 2024, suggesting that this Court's decision in *Book People Inc. v. Wong*, No. 23-50668, requires affirmance of the district court's holding that H.B. 1181 unconstitutionally compels pornographers to disclose the risks of their products. Not so.

    *Book People* held that the challenged law—known as H.B. 900—does not fit within the framework of *Zauderer v. Office of Disciplinary Counsel*, 471 U.S. 626 (1985), because its ratings are not purely factual and uncontroversial. Slip Op. 30-31. It reached this conclusion for two related reasons. *First*, the Court held that H.B. 900 requires vendors not just to disclose information about their products but to effectively express an opinion about whether a book is "sexually relevant" or "sexually explicit" based on "contextual analyses, weighing and balancing many factors." Slip Op. 2, 30-31. *Second*, it concluded that the required disclosures were controversial based on its legislative history and a national debate regarding public school reading materials. Slip Op. 31 n.127.

    The State reserves the right to argue at an appropriate time that *Book People* inaccurately interprets H.B. 900. But even if it did not, neither of its holdings is pertinent to H.B. 1181. *First*, H.B. 1181 does not require Appellees to conduct a "highly fact-specific" review of the individual "family porn" and "teen bondage," ROA.538; Appellant's Br. 5-6, videos on their websites, let alone to rate them "sexually relevant" or "sexually explicit." Instead, it requires Appellees to provide the State's safety warnings only because 30% of the content on their websites is

Letter to Mr. Cayce, Clerk
February 8, 2024
Page 2

"patently offensive" under "contemporary community standards," "appeal[ing] to or pander[ing] to the prurient interest," and lacking "serious literary, artistic, political, or scientific value for minors." Tex. Civ. Prac. & Rem. Code §129B.001(b)(6); *see* Appellant's Br. 26-29. *Second*, unlike H.B. 900, which is surrounded by debate, H.B. 1181 passed with near unanimous support in the Texas Legislature, and similar safety measures are attracting strong bipartisan support across the nation. *See* Appellant's Br. 29.

Respectfully submitted,

/s/ Lanora C. Pettit
LANORA C. PETTIT
*Counsel for Defendant-Appellant*

cc: Counsel for All Parties (via CM/ECF)