CAUSE NO. D-1-GN-24-_____

| | | |
|---|---|---|
| STATE OF TEXAS, *Plaintiff*, | § § § | IN THE DISTRICT COURT OF |
| v. | § § § | TRAVIS COUNTY, TEXAS |
| AYLO GLOBAL ENTERTAINMENT, INC. and AYLO USA INCORPORATED, *Defendants*. | § § § | _____ JUDICIAL DISTRICT |

# PLAINTIFF'S ORIGINAL VERIFIED PETITION AND APPLICATION FOR PERMANENT INJUNCTION

Defendants AYLO GLOBAL ENTERTAINMENT, INC. and AYLO USA, INCORPORATED publish sexually explicit material online that is accessible and harmful to Texas children and adolescents. Civil Practice and Remedies Code Chapter 129B protects Texas minors from the harmful sexually explicit material that can be found on the AYLO GLOBAL ENTERTAINMENT, INC. and AYLO USA, INCORPORATED websites. This recent Texas law requires pornographic websites, like those of AYLO GLOBAL ENTERTAINMENT, INC. and AYLO USA, INCORPORATED, to use reasonable age verification measures to ensure those viewing their pornography are 18 years of age or older. The statute also requires websites to warn of the harms associated with viewing such material, including potential addiction, impaired brain development and function, and other emotional and mental illnesses.

AYLO GLOBAL ENTERTAINMENT, INC. and AYLO USA, INCORPORATED are in continuing violation of Texas law. There is an ongoing threat to the public—specifically Texas children and adolescents—by AYLO GLOBAL ENTERTAINMENT, INC.'S and AYLO USA, INCORPORATED'S continuing violation of Civil Practice and Remedies Code Chapter 129B. Consequently, as authorized by statute, the State of Texas, by and through Ken Paxton, the Attorney General of Texas, files this Original Petition and Application for Permanent Injunction asking the Court to order AYLO GLOBAL ENTERTAINMENT, INC. and AYLO USA, INCORPORATED to comply with Texas law and to impose civil penalties of up to $10,000 a day since September 19, 2023.

## INTRODUCTION

1. Sexually explicit material on the internet has become increasingly accessible to Texas children and adolescents. Exposure to this material is harmful and can be associated with many negative emotional, psychological, and physical health outcomes for preadolescent users. House Comm. On Jud. & Civ. Juris., Bill Analysis, Tex. H.B. 1181, 88th Leg., R.S. (2023).

2. Approximately one in five youth experience unwanted online exposure to sexually explicit material. *Id*.

3. HB 1181, codified at Chapter 129B of the Texas Civil Practices and Remedies Code, holds individuals and entities who publish sexual material harmful to minors on a website accountable by setting out age verification requirements and creating liability for those who violate certain requirements. *Id*.

4. Chapter 129B of the Texas Civil Practices and Remedies Code became effective on September 1, 2023.

5. Chapter 129B requires that websites use reasonable age verification methods, as described in the statute, to verify that an individual attempting to access sexual material harmful to minors is 18 years of age or older.

6. AYLO GLOBAL ENTERTAINMENT, INC. and AYLO USA, INCORPORATED are commercial entities that knowingly and intentionally publish or distribute material on Internet websites, more than one-third of which is sexual material harmful to minors.

7. AYLO GLOBAL ENTERTAINMENT, INC. and AYLO USA, INCORPORATED do not use reasonable age verification methods as required by Chapter 129B.

8. The State of Texas, by and through the Attorney General is authorized to bring an action against an entity who is knowingly violating Chapter 129B.

## NATURE OF SUIT

9. The State of Texas brings this action to enjoin continuing violations of Chapter 129B and compel AYLO GLOBAL ENTERTAINMENT, INC. and AYLO USA, INCORPORATED to

comply with Texas law. AYLO GLOBAL ENTERTAINMENT, INC.'s and AYLO USA, INCORPORATED's publication or distribution of sexual material harmful to minors on the internet without implementing the reasonable age verification methods required by Chapter 129B harms, and continues to harm, Texas children and adolescents. AYLO GLOBAL ENTERTAINMENT, INC.'s and AYLO USA, INCORPORATED's failure to comply with Chapter 129B's requirement to display the statutorily prescribed Sexual Materials Health Warning on the landing page of its websites compounds the harm AYLO GLOBAL ENTERTAINMENT, INC.'s and AYLO USA, INCORPORATED's violations cause Texans.

## DISCOVERY CONTROL PLAN

10. Discovery is intended to be conducted under Level 2 of Texas Rule of Civil Procedure 190.3.

11. The State of Texas seeks injunctive relief. Therefore, this suit is not governed by the expedited actions process in Tex. R. Civ. P. 169.

## VENUE

12. Venue is proper in Travis County under Texas Civil Practices and Remedies Code section 129B.006(a).

## JURISDICTION

13. Defendant AYLO GLOBAL ENTERTAINMENT, INC. is a corporation incorporated in the State of Delaware that conducts business throughout the United States, including within the State of Texas. The defendant has registered and is duly authorized to transact business in the State of Texas and may be served with citation by serving its registered agent, Paracorp Incorporated, 14001 W. State Hwy 29 #102, Liberty Hill, Texas 78642. Upon information and belief, AYLO GLOBAL ENTERTAINMENT, INC., is a parent company for Defendant AYLO USA INCORPORATED.

14. AYLO USA INCORPORATED is a corporation incorporated in the State of Delaware, conducting business throughout the United States, including within the State of Texas. This Court has personal jurisdiction over AYLO USA INCORPORATED in accordance with Texas

Civil Practice & Remedies Code § 17.042 because at all times material to this action AYLO USA INCORPORATED has engaged in business in Texas. AYLO USA INCORPORATED does not maintain a place of regular business in Texas and has no designated agent on whom service of citation may be made in this action. AYLO USA INCORPORATED may be served with citation by serving the Secretary of State. Tex. Civ. Prac. & Rem. Code § 17.044.

## PARTIES

15. Plaintiff is the State of Texas.

16. Defendant AYLO GLOBAL ENTERTAINMENT, INC. is a corporation incorporated in the State of Delaware, conducting business throughout the United States, including within the State of Texas. Its principal address is located at 21800 Oxnard Street, Suite 150, Woodland Hills, California 91367. Upon information and belief, AYLO GLOBAL ENTERTAINMENT, INC., is a parent company for AYLO USA INCORPORATED.

17. Defendant AYLO USA INCORPORATED is a corporation incorporated in the State of Delaware conducting business throughout the United States, including within the State of Texas. Its principal address is located at 21800 Oxnard Street, Suite 150, Woodland Hills, California 91367. Upon information and belief, AYLO USA INCORPORATED is a wholly owned subsidiary of AYLO GLOBAL ENTERTAINMENT, INC.

18. Defendants AYLO GLOBAL ENTERTAINMENT, INC. and AYLO USA INCORPORATED are technology and media companies, which own a large portfolio of popular pornographic websites, including Pornhub, Brazzers, Men.com, and Trans Angels that distribute sexual material harmful to minors.

## FACTUAL ALLEGATIONS AND VIOLATIONS

19. AYLO GLOBAL ENTERTAINMENT, INC. and AYLO USA, INCORPORATED are in violation of Civil Practice and Remedies Code Chapter 129B by knowingly and intentionally publishing or distributing sexual material harmful to minors without implementing reasonable age verification methods, and without displaying certain sexual materials health warnings on the landing page of its internet website.

20. AYLO GLOBAL ENTERTAINMENT, INC. and AYLO USA, INCORPORATED's continuing violations Chapter 129B places Texas children and adolescents at risk of viewing harmful online sexually explicit material.

21. Websites under the control of AYLO GLOBAL ENTERTAINMENT, INC. and AYLO USA, INCORPORATED have not implemented reasonable age verification methods as required by Chapter 129B. Minors are able to visit Defendants' pornographic websites and view sexual material harmful to minors without being required to complete a reasonable age verification method as described in Texas Civil Practice and Remedies Code § 129B.003. Instead, minors who visit Defendants' websites are either immediately presented with sexual material harmful to minors with no form of verification needed, or are asked to complete the trivial step of clicking an "enter" button which, ostensibly, verifies the viewer is over the age of 18. Moreover, even when the Defendants' websites require an "enter" button be pressed, that button is often displayed along with a sample of the sexual material published or distributed on the website. The age verification methods used by the Defendants on their websites cannot be said to verify anything at all, and wholly fail to comply with the requirements of Chapter 129B.

A. **Defendants AYLO GLOBAL ENTERTAINMENT, INC. and AYLO USA, INCORPORATED are in violation of Civil Practice and Remedies Code §§ 129B.002(a) and 129B.003(b) because they have failed to implement reasonable age verification methods.**

22. Texas Civil Practice and Remedies Code § 129B.002(a) states, "A commercial entity that knowingly and intentionally publishes or distributes material on an Internet website, including a social media platform, more than one-third of which is sexual material harmful to minors, shall use reasonable age verification methods as described by Section 129B.003 to verify that an individual attempting to access the material is 18 years of age or older."

23. Texas Civil Practice and Remedies Code § 129B.003(b) states, "A commercial entity that knowingly and intentionally publishes or distributes material on an Internet website or a third party that performs age verification under this chapter shall require an individual to:

    (1)    provide digital identification; or

    (2)    comply with a commercial age verification system that verifies age using:

   (A) government-issued identification; or

   (B) a commercially reasonable method that relies on public or private transactional data to verify the age of an individual.

24. AYLO GLOBAL ENTERTAINMENT, INC. and AYLO USA, INCORPORATED are commercial entities that must comply with Civil Practice and Remedies Code §§ 129B.002 and 129B.003.

25. Each day since September 19, 2023—and continuing still—AYLO GLOBAL ENTERTAINMENT, INC. and AYLO USA, INCORPORATED have violated Civil Practice and Remedies Code §§ 129B.002 and 129B.003.

26. AYLO GLOBAL ENTERTAINMENT, INC. and AYLO USA, INCORPORATED publish or distribute sexual material harmful to minors on the internet through various websites under the Defendants' control, including *inter alia*, Pornhub.com, Brazzers.com, Men.com, and Trans Angels.

**B. Defendant AYLO GLOBAL ENTERTAINMENT, INC. and AYLO USA, INCORPORATED are in violation of Civil Practice and Remedies Code § 129B.004 because they have failed to display health warning notices.**

27. Texas Civil Practice and Remedies Code § 129B.004 states that a commercial entity required to use reasonable age verification methods under Section 129B.002(a) shall display certain sexual materials health warnings on the landing page of the subject websites.

28. AYLO GLOBAL ENTERTAINMENT, INC. and AYLO USA, INCORPORATED are commercial entities that must comply with Texas Civil Practice and Remedies Code § 129B.004.

29. Every day since September 19, 2023—and continuing still—AYLO GLOBAL ENTERTAINMENT, INC. and AYLO USA, INCORPORATED have not complied with Texas Civil Practice and Remedies Code § 129B.004.

# REQUEST FOR RELIEF

**A.    Request for Injunctive Relief under Civil Practice and Remedies Code § 129B.006.**

30.    The State of Texas would show that AYLO GLOBAL ENTERTAINMENT, INC. and AYLO USA, INCORPORATED are violating the laws of the State of Texas and will continue to violate such laws unless restrained by a court order enforceable by contempt. Unless AYLO GLOBAL ENTERTAINMENT, INC. and AYLO USA, INCORPORATED are restrained and enjoined by an injunction to require implementation of reasonable age verification methods and to display sexual materials health warnings notices on the landing pages of their websites, Texas children and adolescents will continue to have access to harmful online sexually explicit materials, and AYLO GLOBAL ENTERTAINMENT, INC. and AYLO USA, INCORPORATED will continue to operate in violation of state law.

31.    "If the attorney general believes that an entity is knowingly violating or has knowingly violated this chapter and the action is in the public interest, the attorney general may bring an action in a Travis County district court or the district court in the county in which the principal place of business of the entity is located in this state to enjoin the violation, recover a civil penalty, and obtain other relief the court considers appropriate." Tex. Civ. Prac. & Rem. Code § 129B.006(a).

32.    Pursuant to Texas Civil Practice and Remedies Code §129B.006, the State of Texas, by and through the Attorney General seeks an order enjoining AYLO GLOBAL ENTERTAINMENT, INC. and AYLO USA, INCORPORATED from violating Chapter 129B.

**B.    Request for Permanent Injunction.**

33.    The State of Texas is entitled to a statutory injunction against AYLO GLOBAL ENTERTAINMENT, INC. and AYLO USA, INCORPORATED enjoining their violations of Civil Practice and Remedies Code §§ 129B.002, 129B.003, and 129B.004.

34.    Upon notice and hearing, the State of Texas requests the Court enter a permanent injunction warranted by the facts against AYLO GLOBAL ENTERTAINMENT, INC. and AYLO

USA, INCORPORATED, their agents, assigns, subsidiaries, successors in interest, and employees, including but not limited to ordering the following:

- A. Concluding that AYLO GLOBAL ENTERTAINMENT, INC. and AYLO USA, INCORPORATED are violating Texas Civil Practice and Remedies Code Chapter 129B.

- B. Enjoining AYLO GLOBAL ENTERTAINMENT, INC. and AYLO USA, INCORPORATED, their agents, assigns, subsidiaries, successors in interests, and employees, from forming new entities and transferring assets thereto absent pre-approval from the Court;

- C. Enjoining AYLO GLOBAL ENTERTAINMENT, INC. and AYLO USA, INCORPORATED, their agents, assigns, subsidiaries, successors in interests, and employees, from online publication or distribution of sexual material harmful to minors without:

    - i. implementing reasonable age verification methods required by Texas Civil Practice and Remedies Code Section §§ 129B.002, and 129B.003, to verify that an individual attempting to access the material is 18 years of age or older and

    - ii. displaying statutorily required sexual materials health warnings on the landing page of the subject websites as required by Texas Civil Practice and Remedies Code § 129B.004.

To remain in effect until and unless AYLO GLOBAL ENTERTAINMENT, INC. and AYLO USA, INCORPORATED come into full compliance with all laws, rules, and procedures under Texas Civil Practice and Remedies Code Chapter 129B, as well as payment of any and all penalties and sanctions the Court may award.

35. The State of Texas is not required to post a bond prior to issuance of injunctive relief pursuant to Texas Civil Practice and Remedies Code section 6.001.

### C. Request for Civil Penalties

36. "A civil penalty imposed under this section for a violation of Section 129B.002 or 129B.003 may be in an amount equal to not more than the total, if applicable, of $10,000 per day that the entity operates an Internet website in violation of the age verification requirements of this chapter." *Id.* § 129B.006(b)(1).

37. As of the date of filing, AYLO GLOBAL ENTERTAINMENT, INC. and AYLO USA, INCORPORATED have violated Civil Practice and Remedies Code §§ 129B.002 and .003, for at least 160 days and must pay a civil penalty of up to $1,600,000 plus up to $10,000 a day for each day after the date of filing.

38. The Attorney General requests the Court, upon final hearing in this cause, assess civil penalties against AYLO GLOBAL ENTERTAINMENT, INC. and AYLO USA, INCORPORATED in accordance with Texas Civil Practice and Remedies Code §§ 129B.006(b)(1) up to $1,600,000, plus $10,000 a day for each day after the date of the filing of this suit.

### D.    Request for Attorney's Fees and Other Costs

39. Pursuant to Civil Practice and Remedies Code § 129.006(d), the State of Texas by and through the Attorney General may recover reasonable and necessary attorney's fees and costs incurred in this action.

40. The State of Texas requests that, upon final trial, the Court Order AYLO GLOBAL ENTERTAINMENT, INC. and AYLO USA, INCORPORATED to reimburse the State of Texas by and through the Attorney General for all costs of investigation and litigation, including reasonable attorney's fees, reasonable investigative expenses, court costs, witness fees, deposition expenses, and civil administrative costs in accordance with Civil Practice and Remedies Code §129B.006(b)(1).

### PRAYER

The State of Texas prays the Court, after notice and hearing, grant the following relief:

a.    A permanent injunction enjoining AYLO GLOBAL ENTERTAINMENT, INC. and AYLO USA, INCORPORATED from further violating Texas Civil Practice and Remedies Code Chapter 129B.

b.    Civil penalties payable by AYLO GLOBAL ENTERTAINMENT, INC. and AYLO USA, INCORPORATED in the amount of up to $1,600,000, plus $10,000 a day from September 19, 2023, to the date of the filing of this lawsuit and $10,000 per day for every day after the date of the filing of this lawsuit, under Section 129B.006(b)(1) of the Texas Civil Practices and Remedies Code.

    c.      Reasonable and necessary attorney's fees and costs incurred by the State of Texas.

    d.      All other relief as the Court deems equitable and just.

Dated: February 26, 2024.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JAMES LLOYD
Deputy Attorney General for Civil Litigation

ERNEST C. GARCIA
Chief Administrative Law Division

*/s/ Clay Watkins*
CLAYTON R. WATKINS
State Bar No. 24103982
Assistant Attorney General
JERRY BERGMAN
State Bar No. 24081694
Assistant Attorney General
Administrative Law Division
OFFICE OF THE ATTORNEY GENERAL OF TEXAS
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-3204
Facsimile: (512) 320-0167
clayton.watkins@oag.texas.gov
jerry.bergman@oag.texas.gov

ATTORNEYS FOR PLAINTIFF STATE OF TEXAS

CAUSE NO. D-1-GN-24-_____

| | | |
|---|---|---|
| STATE OF TEXAS,<br>*Plaintiff*, | § § § | IN THE DISTRICT COURT OF |
| v. | § § | |
| AYLO GLOBAL ENTERTAINMENT,<br>INC. and AYLO USA INCORPORATED,<br>*Defendants*. | § § § § § | TRAVIS COUNTY, TEXAS<br><br>____TH JUDICIAL DISTRICT |

**Declaration of Investigator**

My name is Erik Cabrera. I am over eighteen years of age, am of sound mind, have not been convicted of a felony, and am capable of making this declaration. I am an Investigator in the Office of the Texas Attorney General, Criminal Investigation Division / Child Exploitation Unit / Southern Texas ICAC Task Force.

I have read the above Original Verified Petition and Application for Permanent Injunction. I verify that the facts stated therein are within my personal knowledge and are true and correct.

_____
Erik Cabrera

Sworn and subscribed before me on this 23rd day of February, 2024.

_____
Notary Public



SARAH SATTERLEE
Notary ID #131178090
My Commission Expires
June 19, 2025

Plaintiff's Original Verified Petition and Application for Permanent Injunction    Page 12
*State of Texas v. AYLO.*