

Lanora C. Pettit
Principal Deputy Solicitor General

Lanora.Pettit@oag.texas.gov
(512) 463-2127

March 7, 2024

**VIA CM/ECF**

Mr. Lyle W. Cayce, Clerk
United States Court of Appeals for The Fifth Circuit

    Re:    No. 23-50627, *Free Speech Coalition v. Paxton*

Dear Mr. Cayce:

    I write in response to Appellees' letter of March 4, 2024, protesting that Texas has sought to enforce H.B. 1181's age-verification requirements by filing *Texas v. Aylo*, No. D-1-GN-24-001275 (250th Dist. Ct., Travis County, Tex.), which they insist will cause them "mounting irreparable harm" pending the ultimate resolution of this case. *See* ECF no. 131.

    Respectfully, it is blackletter law that once a district court's injunction is stayed, the State may enforce the law whose enforcement was enjoined. *See, e.g.*, *Richardson v. Tex. Sec'y of State*, 978 F.3d 220, 243 (5th Cir. 2020); *Mi Familia Vota v. Abbott*, 834 F. App'x 860, 864-65 (5th Cir. 2020) (per curiam); *Planned Parenthood of Greater Tex. Surgical Health Servs. v. Abbott*, 734 F.3d 406, 419 (5th Cir. 2013).

    Indeed, that's the point. "[A]ny time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury." *Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers) (quoting *New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1351 (1977) (Rehnquist, J., in chambers)). As the Attorney General has explained, that injury is particularly acute here because H.B. 1181 seeks to combat the very real harm these pornographers cause when they peddle their wares to children. Opening Br. 2-7; Reply Br. 1-2.

    In this instance, the Court entered an administrative stay on September 19, 2023, and a full stay pending appeal on November 14. Texas did not seek to enforce

its law until February 26, 2024, allowing Appellees nearly six months to bring themselves into compliance with H.B. 1181. Evidently, they chose not to do so. That does not render the State's choice to enforce its law somehow improper. And it does not affect this Court's conclusion that the district court abused its discretion by enjoining a presumptively constitutional law.

Respectfully submitted,

/s/ Lanora C. Pettit
LANORA C. PETTIT
*Counsel for Defendant-Appellant*

cc: Counsel for All Parties (via CM/ECF)