United States Court of Appeals
for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
March 29, 2024
Lyle W. Cayce
Clerk

No. 23-50627

_____

Free Speech Coalition, Incorporated; MG Premium, Limited; MG Freesites, Limited; WebGroup Czech Republic. a.s.; NKL Associates, s.r.o.; Sonesta Technologies, s.r.o.; Sonesta Media, s.r.o.; Yellow Production, s.r.o.; Paper Street Media, L.L.C.; Neptune Media, L.L.C.; Jane Doe; MediaME, S.R.L.; Midus Holdings, Incorporated,

*Plaintiffs—Appellees*,

versus

Ken Paxton, *Attorney General, State of Texas*,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:23-CV-917

_____

Before Higginbotham, Smith, and Elrod, *Circuit Judges*

IT IS ORDERED that appellees' unopposed motion to stay the mandate pending the filing and disposition of a petition for writ of certiorari is DENIED. IT IS FURTHER ORDERED that appellees' opposed motion to vacate the stay pending appeal is DENIED.

Patrick E. Higginbotham, *Circuit Judge*, dissenting:

I respectfully dissent from the majority's decision to deny Appellees' unopposed motion to stay the mandate pending appeal and disposition of its petition for writ of certiorari.

Under Federal Rule of Appellate Procedure 41(d), this court may stay its mandate pending the filing and disposition of a petition for writ of certiorari in the Supreme Court if the petition presents a substantial question and there is good cause.[1] The substantial question of law here presented begs for resolution by the high court. The decision conflicts with Supreme Court precedent and decisions of our sister circuits.[2] And I would stay the mandate because Appellees face a risk of enforcement proceedings under the likely unconstitutional statute.[3] The request before us is

---

[1] Fed. R. App. P. 41(d). This analysis is guided by whether there is a "reasonable probability that four members of the Court would consider the underlying issue sufficiently meritorious for the grant of certiorari or the notation of probable jurisdiction; there must be a significant possibility of reversal of the lower court's decision; and there must be a likelihood that irreparable harm will result if that decision is not stayed." *Baldwin v. Maggio*, 715 F.2d 152, 153 (5th Cir. 1983) (citation omitted).

[2] *See Sable Commc'ns of Calif., Inc. v. F.C.C.*, 492 U.S. 115 (1989); *Reno v. Am. C.L. Union*, 521 U.S. 844 (1997); *United States v. Playboy Ent. Grp., Inc.*, 529 U.S. 803 (2000); *Ashcroft v. Am. C.L. Union*, 542 U.S. 656 (2004); *see also Am. C.L. Union v. Johnson*, 194 F.3d 1149 (10th Cir. 1999) (holding that statute prohibiting dissemination by computer of material harmful to minors violated the First Amendment because it unconstitutionally burdened otherwise protected adult communication on the internet); *Am. Booksellers Found. v. Dean*, 342 F.3d 96 (2d Cir. 2003) (finding the same regarding Vermont statute prohibiting distribution to minors of sexually explicit material "harmful to minors"); *PSINet, Inc. v. Chapman*, 362 F.3d 227 (4th Cir. 2004) (finding the same regarding Virginia statute making it unlawful to sell, rent, loan, or display to a juvenile, or use an internet service provider to commit the prior acts, any material that depicted "sexually explicit nudity, sexual conduct or sadomasochistic abuse and which is harmful to juveniles").

[3] *See Cole v. Carson*, 957 F.3d 484, 486 (5th Cir. 2020) (Ho, J., dissenting) ("We grant stays pending appeal or certiorari where further proceedings could irreparably injure the very interests at stake on appeal."); *Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.") (citation omitted).

"modest,"[4] as Appellees have committed to an expedited briefing schedule, making it likely the Supreme Court will resolve their petition before the end of June. Any stay will likely terminate in three to four months—less time than it took for this court to rule on the merits of the district court's preliminary injunction.

    I would also grant Appellees' request to vacate the stay pending appeal. It signifies that Texas does not oppose staying the mandate, the effect of which is the loss of the administrative stay. And stays pending appeal are intended to restore the status quo.[5] It bears emphasis that H.B. 1181 was enjoined before it went into effect. The stay would preserve the status quo by prohibiting enforcement of the law.

---

[4] *Cole*, 957 F.3d. at 487.

[5] *Nken v. Holder*, 556 U.S. 418, 428–29 (2009) ("A stay 'simply suspend[s] judicial alteration of the status quo[.]'") (citation omitted).